UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON PARNELL STONE,<br><br>Petitioner,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>Respondent. | No. 2:14-cv-1164 WBS DAD P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's motion to dismiss the petition as second or successive or, in the alternative, as untimely.

**BACKGROUND**

In his petition, petitioner challenges a judgment of conviction entered against him by the Sacramento County Superior Court on six counts of performing lewd acts with a child under the age of fourteen. The trial court sentenced petitioner to eighteen years in state prison on the conviction. On July 31, 2008, the California Court of Appeal for the Third Appellate District reversed one of petitioner's convictions and affirmed the remaining five. The Court of Appeal modified petitioner's sentence to eliminate the consecutive term imposed with respect to the reversed count of conviction and instructed the trial court to amend the abstract of judgment to

reflect that change. On November 24, 2008, the Sacramento County Superior Court issued the amended abstract of judgment in keeping with the state appellate court's instructions, reflecting a sentence of sixteen years in state prison. (Pet. at Ex. A; Resp't's Mot. to Dismiss Ex. 1.)

On December 27, 2010, petitioner filed a civil rights complaint in this court pursuant to 42 U.S.C. § 1983. See Stone v. Martel, No. 2:10-cv-3454 KJM GGH P.[1] On January 10, 2011, Magistrate Judge Gregory G. Hollows screened petitioner's complaint and construed it as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Judge Hollows summarized petitioner's grounds for relief as including a challenge to the amendment of his abstract of judgment in 2008. On May 11, 2008, respondent moved to dismiss the petition as untimely or, alternatively, as containing unexhausted claims. On November 18, 2011, Magistrate Judge Hollows issued findings and recommendations, recommending that respondent's motion to dismiss the petition as time-barred be granted. On March 26, 2012, District Judge Kimberly J. Mueller adopted those findings and recommendations in full and granted respondent's motion to dismiss.

Petitioner commenced this action on May 7, 2014, by filing a petition for writ of habeas corpus. Therein, petitioner claims that the sentence imposed upon him by the state courts violates the Double Jeopardy Clause, that he completed his sentence as of March 15, 2014, and that his sentence is no longer effective. (Pet. at 2-3 & Attachs.)

**ANALYSIS**

"A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed. . . ." 28 U.S.C. § 2244(b)(2). This is the case unless,

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of

---

[1] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

2

> the evidence as a whole, would be sufficient to establish by clear
> and convincing evidence that, but for constitutional error, no
> reasonable factfinder would have found the applicant guilty of the
> underlying offense.

28 U.S.C. § 2244(b)(2).  Before filing a second or successive petition in the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).

      As noted above, this court's own records reveal that petitioner previously filed a petition for writ of habeas corpus in this court attacking the same state court conviction and sentence that he now seeks to challenge in this federal habeas proceeding.  See Stone v. Martel, No. 2:10-cv-3454 KJM GGH P.  In that previously-filed habeas action, this court dismissed petitioner's application for writ of habeas corpus with prejudice because it was time-barred.  Contrary to petitioner's argument, for purposes of 28 U.SC. § 2243(b)(3), the court dismissed petitioner's previously-filed action on the merits, and therefore, petitioner was required to obtain authorization from the Ninth Circuit before filing his petition in this court.  See McNabb v. Yates, 576 F.3d 1028, 1029-30 (9th Cir. 2009) ("failure to comply with the statute of limitations renders subsequent petitions second or successive for purposes of the AEDPA").

      Petitioner has not obtained an order from the Ninth Circuit authorizing the district court to consider a second or successive petition as required to proceed with this habeas action.  Therefore, this court lacks jurisdiction to entertain the now pending petition.  See Burton v. Stewart, 549 U.S. 147, 152 (2007).  Accordingly, respondent's motion to dismiss should be granted, and the instant petition should be dismissed without prejudice to its refiling with a copy of an order from the Ninth Circuit Court of Appeals authorizing petitioner to file a second or successive federal habeas petition.[2]

---

[2] Petitioner's argument that his pending petition is one brought pursuant to 28 U.S.C. § 2241 is also unavailing.  The Ninth Circuit has made clear that "a state habeas petitioner may not avoid the limitations imposed on successive petitions by styling his petition as one pursuant to 28 U.S.C. §2241."  Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999) (citing on Greenawalt v. Stewart, 105 F.3d 1287, 1287-88 (9th Cir. 1997).  Irrespective of which form petition petitioner has elected to file, § 2254 "is the exclusive avenue for state court prisoner to challenge the constitutionality of his detention."  White v. Lambert, 370 F.3d 1002, 1007 (9th Cir. 2004).  See also Lunex v. California Department of Corrections and Rehabilitation, No. CV 14-4834 DOC

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (Doc. No. 11) be granted;

2. Petitioner's application for a writ of habeas corpus be dismissed without prejudice to its refiling with a copy of an order from the Ninth Circuit Court of Appeals authorizing petitioner to file a second or successive petition;

3. All remaining pending motions (Doc. Nos. 8 & 15) be denied as moot; and

4. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

In any objections he elects to file, petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated:  October 1, 2014

DAD:9
ston1164.157

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

---

(E), 2014 WL 3662457 at *1 (C.D. Cal. July 21, 2014) ("The fact that Petitioner styled the present Petition as a petition under section 2241 rather than 2254 cannot change the result herein."); Hernandez v. Soto, No. SACV 1202117 PSG (DTB), 2014 WL 773769 at *4 (C.D. Cal. Feb. 20, 2014) (same).  Cf. Holloway v. Marshall, Civil No. 08cv0861 JM (AJB), 2008 WL 3050418 (S.D. Cal. May 27, 2008) ("Petitioner cannot circumvent the restriction on successive petitions by styling his challenge to his state court sentence as a petition under the All Writs Act.").